# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Adrian Johnson, | Case No.: 2:22-cv-00010-JAD-VCF |
| Petitioner | |
| v. | **Order Dismissing without Prejudice Habeas Petition and Closing Case** |
| State of Nevada, | [ECF Nos. 1, 1-1] |
| Respondent | |

Pro se petitioner Adrian Johnson filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking emergency federal review related to his ongoing state criminal case and pretrial detention.[1] Johnson applies to proceed *in forma pauperis*,[2] and I grant his application. But on initial review under the Habeas Rules,[3] I find that Johnson's claims are unexhausted and that federal abstention is required, so I dismiss his petition without prejudice.

## Background[4]

In 2016, a Clark County, Nevada grand jury indicted Johnson on charges of conspiracy to commit murder, murder with use of a deadly weapon, and two counts of attempted murder with use of a deadly weapon. His case, *State of Nevada v. Adrian Johnson*, remains pending before the state district court and is set for a jury trial in April 2022. Pending trial, Johnson is being held without bond at the Clark County Detention Center (CCDC).

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] The procedural history in this section is derived from Johnson's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County ("state district court"). I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

In his petition for federal habeas relief, Johnson concedes that he hasn't filed any challenges to his state criminal proceedings or pretrial detention in state court, but he blames that failure on his "ineffective" and "reluctant" counsel.[5] He argues that he was illegally arrested, searched, imprisoned, and denied reasonable bail; that his arrest warrant was defective; that his counsel is ineffective; and that the prosecutors in his case committed misconduct by seeking charges against him without probable cause and presenting false evidence to the grand jury.[6] He asks this court to order the dismissal of all charges against him, his immediate release, and the expungement of his criminal record, and to give him the "allowance . . . to pursue" a civil suit against state officials for their violations of his constitutional rights.

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[7] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[8] or plagued by procedural defects.[9] Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[10]

---

[5] ECF No. 1-1 at 6.
[6] *Id.* at 6–15.
[7] *Id.* at 7.
[8] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).
[9] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).
[10] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[11]  To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[12]  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[13]  A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[14]  Johnson admits in his petition that he has not sought relief from any Nevada state court, much less appealed to the highest state court,[15] as the exhaustion requirement mandates.  This alone bars this court's consideration of his federal habeas petition.

But even if I assume that Johnson has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding—which is simply not available to him.[16]  The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable

---

[11] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[12] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[13] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[14] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[15] ECF No. 1-1 at 6–7.

[16] *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

injury.[17] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[18] Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case.[19]

This case does not present extraordinary circumstances. Johnson challenges the conduct of his attorneys, the prosecution, and law enforcement regarding his arrest, charges, and pretrial detention. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. His situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, Johnson's pretrial motion practice or defenses at trial may ameliorate any threat to his federally protected rights. He thus faces no extraordinary or irreparable injuries, so federal abstention is required. Because the charges against Johnson are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Adrian Johnson's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.

---

[17] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[18] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[19] *Younger*, 401 U.S. at 46.

IT IS FURTHER ORDERED that Johnson's petition for writ of habeas corpus **[ECF No. 1-1] is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the petition [ECF No. 1] and this order. No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 3, 2022